(65 Misc. Rep. 50.)

### POSTMAN v. ROWAN.

(Supreme Court, Appellate Term. November 12, 1909.)

PARTNERSHIP (§ 151*)—ASSIGNMENT FOR BENEFIT OF CREDITORS.

　　A general assignment of firm property for the benefit of creditors, made by one partner without the consent of the others, is invalid.

　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 267–271; Dec. Dig. § 151.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isidore Postman against William J. Rowan. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Michael J. Grady, for appellant.

A. Joseph Geist, for respondent.

LEHMAN, J. The only issue in this case is whether an assignment made by one member of a firm of all the assets of the firm constitutes a valid assignment of the partnership. It appeared upon the trial that the assignee was a creditor of the firm, and the trial justice held, on the

authority of Mabbett v. White, 12 N. Y. 442, and Bulger v. Rosa, 119 N. Y. 459, 24 N. E. 853, that an assignment by one partner of the entire assets of the partnership, without the consent of the other members of the partnership, transfers title to the partnership property. An examination of those cases shows that they have decided only that one partner may transfer the partnership effects directly to a creditor of the firm, without the knowledge or consent of his copartner, in payment of, or perhaps for the security of, a debt due from the partnership. In this case, however, the assignment was a general assignment in trust for all the creditors, and not in payment of, or as security for, a debt due to him. In the case of Klumpp v. Gardner, 114 N. Y. 153, 157, 21 N. E. 99, 100, the court, per Haight, J., said:

"The rule appears to be unquestioned, and is to the effect that one or more members of a copartnership firm cannot execute a general assignment for the benefit of creditors, with or without preferences, without the consent of the other member or members of the firm. But, if it appears from the acts or declarations of such member or members, either before or subsequent to the assignment, that he or they assented to making it, or that it was made by his or their authority, it is valid."

The evidence as to the consent of the other partner is conflicting; but the trial justice has not considered or determined this question of fact.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.