### POSTMAN v. ROWAN.

(Supreme Court, Appellate Term.	July 1, 1910.)

1. PARTNERSHIP (§ 151*)—ASSIGNMENT FOR CREDITORS—EXECUTION—CONSENT OF PARTNER.

An assignment for the benefit of creditors, executed by one partner and assented to by the other, is valid.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 268; Dec. Dig. § 151.*]

2. EVIDENCE (§ 314*)—HEARSAY.

On an issue as to the validity of an assignment for the benefit of creditors, executed by one partner and alleged to have been assented to by the other, evidence that the second partner had stated that he had not consented to the assignment was hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isidore Postman against William J. Rowan. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

A. Joseph Geist, for appellant.

Michael J. Grady, for respondent.

BIJUR, J. On a previous appeal in this case, reported in 65 Misc. Rep. 50, 119 N. Y. Supp. 248, this court held that the only issue was whether an assignment made by one member of a firm of all the assets of the firm constituted a valid assignment by the partnership; and this court decided that, in the absence of evidence of the consent or ratification of the second partner to the assignment for the benefit of the creditors, such assignment was invalid. On the second trial there was ample evidence that the second partner consented to the assignment of all the partnership assets to the plaintiff assignee. The only contradictory evidence was hearsay, to the effect that the second partner had stated that he had not consented. The admission of this evidence was clearly error.

The judgment, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.